## ALEXANDER CAMERON *vs.* DE WITT C. REED.

C and R owned adjoining farms. By agreement between them, C was to keep up the east part, and R the west part of the division fence. Neither party complied with the agreement. R's cattle broke over the west part of the fence, upon C's lands. *Held,* That R was liable to C for damages.

*Kalamazoo Circuit, May,* 1871.

This is an action of trespass, and was submitted to the Court on the following stipulation of facts :

It is hereby stipulated and agreed between the above named parties, by their respective attorneys, that the following is a correct statement of the facts in said cause, and that said cause be submitted to said Court upon such statement, and the argument of counsel upon the law, at the present term of said Court.

### STATEMENT OF FACTS.

The above parties have owned and occupied adjoining lands in the Township of Kalamazoo, in said county, for about four years last past, said lands being enclosed with fences and cultivated by the respective parties. On or about the 15th day of March, 1868, the parties entered into an agreement in writing, by which they agreed upon a division of the line or partition fence between their respective fences so occupied and cultivated, and the part of such fence that each should therafter support and maintain, the plaintiff, by said agreement, to support the east part, and the defendant the west part of said division fence from the point agreed upon, and that no part of said partition fence was kept by the parties or either of them, after said division, of the heighth and description required by law.

That at divers times between the first day of May, 1868, and the commencement of this suit, the cattle of the said defendant broke through and over that part of said partition fence assigned to said defendant, by said agreement to be kept in repair, on to the lands of the said plaintiff, and destroyed the grass and grain then and there growing and belonging to said plaintiff, to the amount and value of fourteen dollars and fifty cents.

*G. P. Doan*, Attorney for Plaintiff.

*Hawes & Edson*, Attorneys for Defendant.

*By the Court*, BROWN, J.—Act 179, of the *Session Laws* of 1861, provides that " No person shall be entitled to recover any sum of money in any action at law for damages done upon lands by any beast or beasts, unless the partition fences, by which such lands are wholly or in part enclosed, and belonging to such person, or by him to be kept in repair, shall be of the same height and de- scription as is required by the provisions of *Com. L.*, § 605 ;" *i. e.*, four feet and a half high, and in good repair or something equivalent thereto.

How should this statute be construed ?

At common law the owners of beasts are liable for any dam- ages done by them upon the lands of others; and it is only by statute, prescription or agreement that a defense can be set up.

The language of the statute, above quoted, is very broad, and it is contended that the neglect of the plaintiff to keep up his share of the division fence is a defence to this action—that having failed to comply with the requirements of the law, he is not in a position to ask the aid of the Court in his behalf.

In the case of *Aylesworth vs. Harrington et. al.*, 17 *Mich.*, at page 422, Judge Cooley, in delivering the opinion of the Court, says, in reference to this statute, " The purpose of its provis- ions was to compel every person to discharge his duty in regard to partition fences, at the peril of such losses as he might suffer from the depredations committed in *consequence of such neglect*, by the beasts of those persons to whom the duty was owing." And at page 424, of the same case, the learned Judge says:— " It is very evident under these statutory provisions that the duty of any person to keep up a partition fence, is one created by the statute in favor and for the protection of the adjoining proprietor."

In this case, Cameron, the plaintiff, was under obligation to keep up his share of the division fence, for the protection of the defendant, Reed, the adjoining proprietor ; and Reed was bound to keep up his share of the fence, for Cameron's protec-

tion. Both parties neglected their duty. But it cannot be said that the negligence of one naturally contributed to the negligence of the other. Each must be held responsible for his own negligence. The depredations were not committed in consequence of the plaintiff's neglect, but in consequence of the defendant's neglect. The law imposed no duty upon Cameron to keep up the portion of the fence which the defendant had agreed to keep in repair, and over and through which the cattle passed to Cameron's land.

Let judgment be entered for the plaintiff for the amount stipulated as damages, to wit, $14 50, with costs to be taxed.